UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SANG NGUYEN,

    Petitioner,

v.

JEFF PREMO,

    Respondent.

Case No. 6:14-cv-01505-MC

OPINION AND ORDER

McShane, Judge:

Petitioner brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging the denial of his right to a fair trial and ineffective assistance of counsel. For the reasons explained below, the petition is denied.

## BACKGROUND

On January 13, 2003, Phi Nguyen was severely beaten, stabbed, bound with a belt and duct tape, and eventually thrown into the trunk of a car. His assailant began driving only to pull over when he realized Phi Nguyen was trying to escape. Nearby residents saw the driver exit the vehicle and attempt to strike Phi Nguyen with what appeared to be a metal bar or pipe. The

1   - OPINION AND ORDER

assailant ran away, and the residents called 911 and rendered aid to Phi Nguyen. After a short period of time, police officers and medical personnel arrived and transported Phi Nguyen to a hospital.

Phi Nguyen identified petitioner as the perpetrator of the assault and kidnapping. Phi Nguyen told police that he had borrowed money from petitioner and did not have all of the money to repay him. When Phi Nguyen went to petitioner's house to repay part of the money he owed, petitioner beat him with a steel bar, stabbed him in the back, and bound his legs, arms, and mouth with a belt and duct tape. Petitioner left Phi Nguyen in an outside shed for 15-20 minutes, where he drifted in and out of consciousness. Petitioner then took Phi Nguyen from the shed and placed him the trunk of Phi Nguyen's car. Petitioner told Phi Nguyen that he was not "going to live anymore" and, according to police reports, said he was going to cut Phi Nguyen's throat and dump his body in the river. Transcript of Trial Proceedings (Trial Tr.) at 255; Resp. Ex. 128. As petitioner drove, Phi Nguyen attempted to escape from the trunk by unbinding himself and pushing down the back seat. Petitioner noticed the escape attempt, pulled over, and tried to beat Phi Nguyen with the metal bar, leading to the 911 call and the arrival of officers.

Petitioner was arrested and charged with eight counts of Attempted Aggravated Murder, two counts of Assault in the First Degree, two counts of Kidnapping in the First Degree, Robbery in the First Degree, and Unauthorized Use of a Vehicle. Resp. Ex. 102. With respect to the eight counts of Attempted Aggravated Murder, the State was required to prove beyond a reasonable doubt that petitioner "intentionally attempted to cause the death of Phi Nguyen" in furtherance of the particular felony alleged in each count. *See* Resp. Ex. 102; Or. Rev. Stat. §§ 161.405 (attempt), 163.095 (aggravated murder), 163.115 (murder). Petitioner pled not guilty to the charges.

Prior to trial, the parties engaged in judicial settlement discussions resulting in a plea offer of 90 months. The State also indicated that it would consider a counter offer of 70 months with good time credits. Petitioner rejected the State's offer, and the case proceeded to trial.

The State called Phi Nguyen to testify during its case-in-chief. Phi Nguyen told the jury he did not want to testify against petitioner and instead wanted the charges dropped. After further questioning, Phi Nguyen said he wanted to "take a Fifth." Trial Tr. at 238. The trial court removed the jury until the issue was resolved. Phi Nguyen continued with his testimony and identified petitioner as the assailant who beat and kidnapped him and threatened his life. Trial Tr. 247-49, 253-56. During rebuttal closing argument, the State argued that Phi Nguyen was reluctant to testify because he was afraid petitioner would retaliate against him or his family. Petitioner presented no witnesses or evidence in his defense, and the jury convicted him of all charges. At sentencing, the trial court imposed a 120-month term of imprisonment for the attempted aggravated murder convictions, and two consecutive, 90-month terms of imprisonment for the remaining convictions. Resp. Ex. 101.

Petitioner directly appealed his conviction and sentence. The Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review. Resp. Ex. 108, 110; *State v. Nguyen,* 222 Or. App. 55, 191 P.3d 767 (2008), *rev. denied*, 345 Or. 690, 201 P.3d 910 (2009). Petitioner also filed a petition for post-conviction relief (PCR), and the PCR court denied relief. Resp. Ex. 112-13, 130. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp. Ex. 134-35; *Nguyen v. Premo*, 263 Or. App. 406, 329 P.3d 814, *rev. denied*, 335 Or. 879, 333 P.3d 333 (2014).

On September 19, 2014, petitioner filed the instant petition seeking federal habeas relief under 28 U.S.C. § 2254.

3   - OPINION AND ORDER

DISCUSSION

Petitioner asserts four claims of ineffective assistance of counsel and two claims of trial court error resulting in the denial of his right to fair trial. Respondent maintains that petitioner's trial court error claims are procedurally defaulted. As to petitioner's ineffective assistance of counsel claims, respondent maintains that the state court decision is entitled to deference under 28 U.S.C. § 2254(d).

A. Exhaustion and Procedural Default

Claims Five and Six allege that the trial court violated petitioner's right to a fair trial by denying two motions for mistrial: one requested after Phi Nguyen attempted to "take a Fifth," and another requested after the prosecutor made an improper comment during closing argument. Respondent argues that petitioner has procedurally defaulted on these claims, because he failed to present them to the Oregon Supreme Court as federal constitutional claims. I agree.

A state habeas petitioner must exhaust all available state court remedies – either on direct appeal or through collateral proceedings – before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To meet the exhaustion requirement, the petitioner must "fairly present" a federal claim to the State's highest court "in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam) (quotation marks omitted); *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) ("Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state.").

If a claim was not fairly presented to the state courts and no state remedies remain available for the petitioner to do so, the claim is barred from federal review through procedural

default. *See Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court."). A federal court may consider unexhausted and procedurally barred claims only if the petitioner demonstrates cause for the default and actual prejudice, or if the lack of federal review would result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451(2000); *Coleman*, 501 U.S. at 750.

On direct appeal, petitioner asserted trial court error on several grounds, including the denial of his motions for mistrial. Resp. Ex. 103.[1] The Oregon Court of Appeals affirmed. Resp. Ex. 108. In his petition for review to the Oregon Supreme Court, petitioner again raised claims of trial court error based on the denial of his motions for mistrial. Resp. Ex. 109 at 2-3. However, he did not present them as federal constitutional claims.

To fairly present a claim, "the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001) (quotation marks and citation omitted). Petitioner did not do so. In his petition for review to the Oregon Supreme Court, petitioner argued that he was denied "a fair trial" and cited Oregon law exclusively; petitioner did not reference or cite the United States Constitution, federal law, or a decision of the United States Supreme Court. Resp. Ex. 109 at 2, 4-6. Consequently, petitioner did not raise a federal claim of trial court error before the State's highest court, and he can no longer do so. Or. Rev. Stat. § 138.071(1); Or. R. App. P. 5.45(1) (assignment of errors not raised or argued are waived).

---

[1] Petitioner did not and could not raise these claims in his PCR petition. Resp. Ex. 112, 113; Or. Rev. Stat. § 138.550(2) (claims of error that could have been raised in a defendant's direct appeal cannot be raised in a subsequent PCR petition).

5   - OPINION AND ORDER

As petitioner concedes, these claims are unexhausted and procedurally barred. Pet.'s Reply at 1; *Sandgathe*, 314 F.3d at 376. Petitioner presents no argument to support cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. Accordingly, petitioner's failure to exhaust Claims Five and Six bars federal review.

B. Ineffective Assistance of Counsel

Petitioner's remaining four claims assert ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Claims One and Two allege that trial counsel was deficient in failing to advise petitioner about his right to testify and failing to call petitioner as a witness when he wanted to testify. Claims Three and Four allege that trial counsel was deficient in failing to object to the prosecutor's inflammatory and prejudicial comments and in making an argument that opened the door for the prosecutor's improper closing comments. The PCR court rejected these claims, and respondent maintains that its decision is entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (on habeas review of ineffective assistance claims, a "state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself").

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court decision was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law," or 2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1),(2). A state court decision is "contrary to" clearly established federal law if it applies a rule contradictory to Supreme Court authority or reaches a contrary result in a case "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of

6   - OPINION AND ORDER

clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams,* 529 U.S. at 407-08, 413. "Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Penry v. Johnson*, 532 U.S. 782, 793 (2001); *see also Early v. Packer*, 537 U.S. 3, 11 (2002) (per curiam) (state court decisions not "contrary to" Supreme Court law may be set aside "only if they are not merely erroneous, but 'an *unreasonable* application' of clearly established federal law, or are based on 'an *unreasonable* determination of the facts.'").

Under the well-established Supreme Court precedent of *Strickland*, a prisoner alleging ineffective assistance of counsel must show that 1) "counsel's performance was deficient," and 2) counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* Judicial review of an attorney's performance under *Strickland* is "highly deferential"; it carries a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," which under the relevant circumstances, "might be considered sound trial strategy." *Id.* at 689 (citation omitted). Petitioner argues that the PCR court unreasonably applied *Strickland* and unreasonably determined facts in denying plaintiff's claims.

With respect to Claims One and Two, petitioner testified that his trial counsel did not inform him that he had an absolute right to testify and instead merely explained why petitioner should not testify. Resp. Ex. 129 at 9-10. Petitioner also testified that he admitted to trial counsel he assaulted Phi Nguyen "sort of in a self-defense situation" and kidnapped him, but he did not

threaten or intend to kill Phi Nguyen. Resp. Ex. 129 at 5-6. Instead, petitioner claimed he told counsel he suspected Phi Nguyen of burglarizing his house with another person, and he was going to take Phi Nguyen to that person's house and confront them. Petitioner testified that counsel never discussed the option of admitting the assault and kidnapping but contesting the attempted aggravated murder charges on grounds that he did not intend to murder Phi Nguyen. Resp. Ex. 129 at 6-8. Petitioner asserted that he told counsel he wanted to testify, and if he had, he would have told the jury that he never intended to murder Phi Nguyen. Resp. Ex. 129 at 10.

The PCR court rejected petitioner's testimony and found, "Petitioner knew he had a right to testify, but took attorney's advice that self-defense wasn't going to work and less likely to help than impeaching victim and arguing reasonable doubt." Resp. Ex. 130 at 3.[2] The PCR court specifically found unbelievable petitioner's testimony that he told trial counsel he assaulted and kidnapped Phi Nguyen but did not intend to kill him. Instead, the PCR court found, "Based on what this court believes petitioner told his attorney, the attorney could not defend that [petitioner had] no intent to kill but did assault and kidnap." Resp. Ex. 130 at 3. The PCR court further found that if petitioner's PCR testimony was credible, he likely would have accepted the State's plea offer, because he would have conceded the assault and kidnapping charges and the settlement judge "would have taken the plea." Resp. Ex. 130 at 2-3.

Petitioner argues that no evidence supports the PCR court's rejection of plaintiff's testimony and its findings that counsel informed petitioner about his right to testify and petitioner agreed he should not testify. Petitioner emphasizes that trial counsel could not confirm that he discussed a defense strategy with petitioner or actually advised petitioner of his right to testify. *See* Resp. Ex. 116 at 9, 22. Petitioner contends that these failures led to a defense theory –

---

[2] The PCR court utilized numerous abbreviations in its written findings; for clarity, they are quoted as the intended words rather than the abbreviations used for them.

8   - OPINION AND ORDER

misidentification of petitioner as the assailant – completely at odds with petitioner's proposed testimony and having little chance of success. Petitioner maintains that counsel's failures caused prejudice, because without petitioner's testimony, no evidence rebutted the State's argument that petitioner intended to murder Phi Nguyen.

Review of the record supports the reasonableness of the PCR court's findings and decision. Even though counsel could not recall his specific conversations with petitioner regarding his right to testify, counsel testified that he always told his clients they have "an absolute right to testify." Resp. Ex. 116 at 22. Counsel also testified that petitioner had written him over the years and asked him to "confess" that he "somehow forced" petitioner "not to testify or made him not testify." Resp. Ex. 116 at 22. Counsel maintained, "And that's just not something I would even think about doing. That would be – I don't know how any defense lawyer would do that." Resp. Ex. 116 at 22-23. The trial proceedings corroborate this testimony.

In open court with petitioner present, trial counsel referenced petitioner's right to testify and indicated that petitioner had not decided whether he would testify:

> THE COURT: Mr. Raivio, do I have your instructions?
>
> MR Raivio: Yes, I do. Are we on the record? I should say the decision of my client, whether to testify or not isn't final and depending on that I might supplement or delete instructions.

Trial Tr. at 262. Later in the trial, counsel informed the trial court:

> MR. RAIVIO: Judge, as we have the – my client has decided he wishes not to testify, so when the jury does come back out, we would ask that with one small exception here, you tell them that the defense has rested.

Trial Tr. at 560. No evidence suggests that petitioner objected to or disagreed with counsel's in-court representation.

9   - OPINION AND ORDER

Further, while counsel admitted that he did not consider a defense theory that conceded kidnapping and Measure 11 assault, focusing instead on acquittal of attempted aggravated murder, counsel also testified that petitioner did not admit to attacking and kidnapping Phi Nguyen. Resp. Ex. 116 at 8-9, 21-22. In fact, petitioner told counsel that he had acted in self-defense when Phi Nguyen became "aggressive," and Phi Nguyen then ran into the shed, fell, and hurt himself. Counsel found this explanation "ludicrous" in light of the severe injuries sustained by Phi Nguyen, physical evidence found at the scene, and eyewitness statements. Resp. Ex. 116 at 21-22; *see also* Resp. 127 (photographs of Phi Nguyen's injuries). Notes from counsel's investigator corroborate counsel's testimony and reflect that petitioner told the investigator the same story: that he had assaulted Phi Nguyen in self-defense and had not kidnapped him. Resp. Ex. 126 (investigator notes indicating petitioner denied the "whole kidnapping" and said Phi Nguyen used a weapon against him).

Finally, counsel testified that the settlement judge talked to petitioner about the consistency of the evidence and the potential sentences he faced, and she likewise found petitioner's self-defense theory "incomprehensible." Resp. Ex. 116 at 9-10. Despite the State's offer of a 90-month sentence and its willingness to consider a counter offer of 70 months with good time credit, petitioner was "very adamant" that he wanted to proceed to trial, against the advice of counsel and the settlement judge. Resp. Ex. 116 at 9-11. As the PCR court noted, had petitioner admitted to committing two serious offenses, it would have made little sense for him to reject a favorable plea offer and insist on a trial with the potential of a much longer sentence.

Given this evidence, the PCR court was not objectively unreasonable in finding counsel more credible than petitioner and in rejecting petitioner's claims that counsel did not inform petitioner of his right to testify or allow him to testify.

10    - OPINION AND ORDER

Claims Three and Four center on trial counsel's failure to object or move for a mistrial following prejudicial comments made by the prosecutor during argument. Petitioner claims that trial counsel "opened the door" to the improper comments. Petitioner argues that the PCR court unreasonably applied *Strickland* in failing to find counsel's actions ineffective.

During opening argument, the prosecutor explained to the jury that Phi Nguyen was reluctant to testify:

> Yesterday we had an opportunity, the parties here, to meet with Phi Nguyen. Phi Nguyen, I expect when given the opportunity, will describe to you he does not want to be here. He does not want to pursue this case anymore. He wants this case dismissed.
>
> I further expect that he will tell you that yesterday he had contact and a conversation with the defendant before the parties saw him. You will be the judge of the motivation, whether it be fear on behalf of Phi Nguyen, whether it be forgiveness or any other of a number of possible explanations for why Phi Nguyen has now taken a position that seemingly we expect to be different than it was when these events happened.
>
> ***
>
> You will be the judge of his motivation, his reasons for however he chooses to answer certain questions over the next couple days.

Trial Tr. 213-14. Petitioner's counsel did not object to these comments.

During closing argument, petitioner's counsel argued that the State had not proven that petitioner was the perpetrator of the assault and kidnapping and referenced Phi Nguyen's invocation of the Fifth Amendment, ostensibly to raise questions about his credibility. Trial Tr. 649; Resp. Ex. 116 at 19-20. During rebuttal closing argument, the prosecutor capitalized on counsel's comment and argued that Phi Nguyen invoked the Fifth Amendment to avoid testifying because he was afraid petitioner would retaliate against him and his family. Trial Tr. 659. The prosecutor also urged the jury to protect them by convicting petitioner. Tr. 659-60. Counsel did not object to these comments. The prosecutor then concluded with the statement,

11    - OPINION AND ORDER

"Protect us all." Trial Tr. 661. Defense counsel objected to this comment as "totally inappropriate," and the trial court reminded the jury that "arguments of counsel are not evidence." Trial Tr. 661. When the jury left the courtroom, counsel moved for a mistrial, arguing that the prosecutor's comment improperly asked the jury to find guilt solely to protect everyone in the courtroom, including the jury, as well as the community. Trial Tr. 662. The trial court denied the motion and provided a curative instruction to the jury. Trial Tr. 663, 665.

Petitioner argues that counsel should have objected to the prosecutor's comments about Phi Nguyen's fear of petitioner, and that counsel inexplicably "opened the door" to the improper rebuttal comments by raising Phi Nguyen's invocation of the Fifth Amendment. The PCR court noted that the Oregon Court of Appeals had found no prejudice from the closing arguments and found that petitioner failed to show counsel's deficiency or resulting prejudice on any ground. Resp. Ex. 130 at 2-3. The PCR court's decision was not objectively unreasonable.

First, the prosecutor's opening argument provided little basis for objection. The prosecutor reminded the jury that it was the judge of the facts and would determine whether Phi Nguyen was reluctant to testify because of fear or another motivating factor. These comments simply did not "infect" petitioner's trial with unfairness. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). Likewise, counsel's failure to object to the prosecutor's rebuttal comments was not deficient, and the record does not support a finding of prejudice in any event. Notably, trial counsel objected to the prosecutor's plea to "protect us all" and moved for mistrial. The trial court denied the motion and issued a curative instruction. It is unlikely that the trial court would have done anything differently had counsel also objected to the prosecutor's comments about Phi Nguyen's fear of petitioner. Moreover, the trial court reminded the jury that counsel's arguments were not evidence. *Id.* at 182.

Second, the PCR court reasonably found that counsel's mention of Phi Nguyen's invocation of "the Fifth" was not deficient under the circumstances. Much of the State's case rested on Phi Nguyen's statements to police, and counsel had no option but to attempt to discredit him. Resp. Ex. 116 at 8, 19; *see also* Resp. Ex. 130 at 3. Further, petitioner cannot establish prejudice. Although the prosecutor admitted he went too far, petitioner fails to show that the comments likely affected the outcome of trial in light of the evidence against petitioner. *Strickland*, 466 U.S. at 696 ("a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support"); *Darden*, 477 U.S. at 181-82.

In sum, the PCR court's decision was neither contrary to nor an unreasonable application of clearly established federal law, and petitioner's claims of ineffective assistance of trial counsel are denied.

## CONCLUSION

Petitioner's Amended Petition for Writ of Habeas Corpus (#18) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). IT IS SO ORDERED.

DATED this 15th day of February, 2017.

_____
Michael McShane
United States District Judge